IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| CHARLES JONES, Individually and on Behalf of Others Similarly Situated, | § § § | |
| Plaintiffs. | § § | |
| v. | § § | CIVIL ACTION NO. 1:20-cv-00163 |
| MCDONALD'S CAR WASH, INC., THE MARVIN MCDONALD FAMILY LIMITED PARTNERSHIP, | § § § § § | |
| Defendant. | § § § | |

## PLAINTIFF'S COLLECTIVE-ACTION COMPLAINT & JURY DEMAND

### INTRODUCTION

1. This case implicates Defendants' policy of misclassifying their employees as exempt under the FLSA to avoid paying overtime. Defendants McDonald's Car Wash, Inc., The Marvin McDonald Family Limited Partnership, and Marvin McDonald employed Plaintiffs Charles Jones—and other similarly situated employees—to work as a site attendant over 40 hours a week but refused to compensate him at one and one-half times his regular rate of pay as required by federal law.

2. Defendants' conduct violates the Fair Labor Standards Act, which requires nonexempt employees to be compensated for their overtime work at a rate of one and one-half times their regular rate of pay. See 29 U.S.C. § 207(a).

3. Plaintiff brings a collective action to recover the unpaid wages owed to him and all other similarly situated attendants, current and former, of Defendants at any time during the three-year period before this Complaint was filed up to the present. These class members should be

informed of the pendency of this action and apprised of their rights to join in the manner envisioned by *Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165 (1989) and its progeny.

## SUBJECT-MATTER JURISDICTION AND VENUE

4.      This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

5.      Venue is proper in the Eastern District of Texas because a substantial portion of the events forming the basis of this suit occurred in this District.

## PARTIES AND PERSONAL JURISDICTION

6.      Plaintiff Charles Jones is an individual residing in Jasper County, Texas. His written consent form is filed contemporaneously with this Complaint and is attached as Exhibit 1.

7.      Defendant McDonald's Car Wash, Inc. is a Texas Domestic Business Corporation, with its principal place of business at 1524 Nettleton, Desoto, Texas 75115 and can be served through its registered agent, Kenneth McDonald, at 2106 Oak Valley Dallas, Texas 75232. Marvin McDonald, who resides, in Jasper County, Texas, runs McDonald's Car Wash and is responsible for hiring, firing, and managing site attendants like Jones. McDonald controls how Jones and other site managers are compensated.

8.      Defendant The Marvin McDonald Family Limited Partnership is a Domestic limited partnership and can be served through its registered agent, Todd McDonald, at 1011 East Gibson, Jasper Texas, 75951. This entity is responsible for carrying out the compensation of Jones and other site attendants.

9.      The Defendants all form a single enterprise under 29 U.S.C. § 203(r) because they perform related activities for a common business purpose, as described in this pleading.

## SPECIFIC EMPLOYMENT ALLEGATIONS

10. As described in this pleading, Plaintiffs were continually supervised, managed, and employed by Defendants.

11. Plaintiff maintained Defendants' car wash and storage facility at McDonald's Car Wash, performing various manual labor tasks.

12. Defendants had the authority to hire and fire, supervise, and control schedules and conditions of employment of Plaintiff.

## FLSA COVERAGE

13. At all material times, Defendants were an employer within the meaning of the FLSA. *See* 29 U.S.C. § 203(d).

14. Defendants controlled the nature, pay structure, and employment relationship of Plaintiff.

15. Defendants had, at all times relevant to this lawsuit, the authority to hire and fire Plaintiff, the authority to direct and supervise Plaintiff's work, the authority to sign on the company's checking accounts, including payroll accounts, and the authority to make decisions regarding compensation and capital expenditures. Additionally, Defendants were responsible for the day-to-day affairs of the business. Defendants were responsible for determining whether it complied with the FLSA.

16. As such, under 29 U.S.C. § 203(d), Defendants acted directly or indirectly in the interest of Plaintiff's employment as his employer, which makes Defendants liable under the FLSA.

17. Furthermore, at all material times, Defendants have been an enterprise in commerce or in the production of goods for commerce within the meaning of § 203(s)(1) of the FLSA because

they have had employees engaged in commerce or handling goods or materials that have been moved in commerce. *See* 29 U.S.C. § 203(s)(1).

18. Defendants engaged in related activities performed through a unified operation and common control for a common business purpose. *See* 29 U.S.C. § 203(r)(1).

19. At all material times, Plaintiff was an individual employee who engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206–207.

## FACTS

20. Plaintiff and similarly situated employees have all been victimized by Defendants' common policy and plan to violate their rights under the FLSA by denying them proper overtime compensation.

21. Defendant McDonald's Car Wash, Inc. operates a business enterprise offering a self-storage facility and car wash in Jasper, Texas, where Plaintiff works as an attendant. Defendants have several of these facilities throughout East Texas, including in Livingston, Huntington, and Nacogdoches. Each facility has an attendant like Plaintiff employed at them.

22. Plaintiff's primary job duties are manual labor, including equipment repair, taking out the garbage, assessing the conditions of the car-wash facility, checking the storage building, repairing car-washing equipment, pulling out weeds, mowing, checking chemical levels and towels, emptying vacuums, shoveling mud, and emptying mud pits.

23. Plaintiff Charles Jones works for Defendants.

24. Plaintiff was both required to live in a trailer on site at the car wash and is not supposed to spend the night off site.

25. Plaintiff regularly works over 40 hours a week. The carwash and storage facility he works out of is open from 7 a.m. until 7 p.m. seven days a week. Jones is the only person that

works at the facility daily. Even when the facility is closed, Jones continues to work as a night watchman to protect Defendants' assets and money. He therefore works and is on call 24 hours a day, seven days a week.

26. Plaintiff was never required to report his hours, but Defendants would frequently have others report if Plaintiff appeared to be offsite.

27. Although Defendants know Plaintiff works over 40 hours a week—it requires him to—Plaintiff was never notified about the possibility of overtime pay.

28. Plaintiff neither manages employees nor conducts accounting or marketing for the business. He performs tasks like washing cars, mowing grass, and scrubbing toilets. Jones is exactly the type of employee the FLSA was intended to protect.

29. Although Plaintiff was required to and in fact regularly works over 40 hours per workweek, he is not compensated at the FLSA mandated time-and-a-half rate for hours in excess of 40 per workweek.

## VIOLATION OF 29 U.S.C. § 207

30. Plaintiff incorporates all allegations contained in this pleading.

31. Defendants' practice of failing to pay Plaintiffs time-and-a-half rate for hours in excess of 40 per workweek violates the FLSA. *See* 29 U.S.C. § 207.

32. None of the exemptions provided by the FLSA regulating the duty of employers to pay overtime at a rate not less than one and one-half times the regular rate at which its employees are employed apply to Defendants or Plaintiff or any similarly situated employees.

## VIOLATION OF 29 U.S.C § 211(c)

33. Plaintiff incorporates all allegations contained in this pleading.

34. Defendants failed to keep adequate records of Plaintiff's work hours and pay in violation of section 211(c) of the FLSA. *See* 29 U.S.C. § 211(c).

35. Federal law mandates that an employer is required to keep for three years all payroll records and other records containing, among other things, the following information:

    a. The time of day and day of week on which the employees' work week begins;

    b. The regular hourly rate of pay for any workweek in which overtime compensation is due under section 7(a) of the FLSA;

    c. An explanation of the basis of pay by indicating the monetary amount paid on a per hour, per day, per week, or other basis;

    d. The amount and nature of each payment which, pursuant to section 7(e) of the FLSA, is excluded from the "regular rate";

    e. The hours worked each workday and total hours worked each workweek;

    f. The total daily or weekly straight time earnings or wages due for hours worked during the workday or workweek, exclusive of premium overtime compensation;

    g. The total premium for overtime hours. This amount excludes the straight-time earnings for overtime hours recorded under this section;

    h. The total additions to or deductions from wages paid each pay period including employee purchase orders or wage assignments;

    i. The dates, amounts, and nature of the items which make up the total additions and deductions;

    j. The total wages paid each pay period; and

    k. The date of payment and the pay period covered by payment.

*See* 29 C.F.R. §§ 516.2, 516.5.

36. Defendants have not complied with federal law and have failed to maintain such records with respect to Plaintiff. Because Defendants' records are inaccurate or inadequate, Plaintiff can meet his burden under the FLSA by proving that he, in fact, performed work for which he was improperly compensated, and producing sufficient evidence to show the amount and extent of the work "as a matter of a just and reasonable inference." *See, e.g., Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946).

## WILLFULNESS

37. Defendants' method of paying Plaintiff in violation of the FLSA was willful and was not based on a good faith and reasonable belief that its conduct complied with the FLSA.

38. Defendants were and are aware of the FLSA's requirement that all non-exempt employees be paid time-and-a-half of their regular rate of pay for all hours worked in excess of 40 hours in a seven-day week.

39. Defendants were and are aware of the specific job duties of Plaintiff and were and are aware that those duties did not fit within any exemption to the FLSA's requirement for overtime pay.

40. Defendants knew or showed reckless disregard for the proper classification of Plaintiff and other similar attendants when they classified them as exempt.

41. Defendants willfully misclassified Plaintiff's positions as exempt.

## COLLECTIVE-ACTION ALLEGATIONS

42. Plaintiff adopts by reference all of the facts set forth in this pleading.

43. Other employees have been victimized by Defendants' violations of the FLSA as identified above and throughout this pleading.

44. These employees are similarly situated to Plaintiff because, during the relevant time period, they held similar positions, were compensated in a similar manner, and were denied overtime wages at one and one-half times their regular rates for hours worked over 40 in a workweek.

45. Defendants' policy or practice of failing to pay overtime compensation is a generally applicable policy or practice and does not depend on the personal circumstances of the putative class members.

46. Since Plaintiff's experiences are typical of the experiences of the putative class members, collective-action treatment is appropriate.

47. All employees of Defendants, regardless of their rates of pay, who were paid at a rate of less than one and one-half times the regular rates at which they were employed for the hours that they worked over 40 in a workweek are similarly situated. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts. The Class is therefore properly defined as:

> All current or former site attendants who were not paid overtime for the hours they worked in excess of 40 hours per week and who worked at any time for Defendants as an attendant between April 21, 2017 and the present.

48. Defendants are liable to Plaintiff and the putative class members for the difference between what Defendants actually paid and what Defendants were legally obligated to pay.

49. Because Defendants knew or showed a reckless disregard for whether its pay practices violated the FLSA, Defendants owe Plaintiff and the other putative class members their unpaid overtime wages for at least the last three years.

50. Defendants are liable to Plaintiffs and the other putative class members in an amount equal to their unpaid overtime wages as liquidated damages.

51. Defendants are liable to Plaintiff and the other putative class members for their reasonable attorneys' fees and costs.

52. Plaintiff has retained counsel who is well versed in FLSA collective-action litigation and who is prepared to litigate this matter vigorously on behalf of them and all other putative class members.

## DAMAGES AND ATTORNEYS' FEES SOUGHT

53. Plaintiff is entitled to recover unpaid overtime compensation.

54. Plaintiff is also entitled to an amount equal to all unpaid wages as liquidated damages. *See* 29 U.S.C. § 216(b).

55. Plaintiff is entitled to recover attorney's fees and costs as required by the FLSA. *See* 29 U.S.C. § 216(b).

## JURY DEMAND

56. Plaintiff hereby demands trial by jury.

## PRAYER

57. For these reasons, Plaintiff on his behalf and others similarly situated respectfully requests that judgment be entered in his favor awarding the following relief:

   a. an order allowing this action to proceed as a collective action under 29 U.S.C. § 216(b);

   b. a judgment awarding Plaintiff and the other putative class members overtime compensation for all hours worked over 40 in a workweek at the applicable time-and-a-half rate;

   c. an equal amount of all owed wages as liquidated damages as allowed under the FLSA;

    d. all costs and attorney's fees incurred prosecuting these claims;

    e. incentive awards for any class representatives; and

    f. such other relief to which Plaintiffs may be entitled, at law or in equity.

DATE: April 20, 2020

Respectfully submitted,

MCDOWELL HETHERINGTON LLP

By: /s/ Avi Moshenberg
    Avi Moshenberg
    Texas Bar No. 24083532
    Nicholas R. Lawson
    Texas Bar No. 24083367
    1001 Fannin Street, Suite 2700
    Houston, Texas 77002
    Telephone:   (713) 337-5580
    Telecopy:    (713) 337-8850
    E-Mail: Avi.Moshenberg@mhllp.com
    E-Mail: Nick.Lawson@mhllp.com

**ATTORNEYS-IN-CHARGE FOR PLAINTIFF CHARLES JONES, INDIVIDUALLY, AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED**